**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Duane K. HAUSEUR, Defendant—Appellant.**

**No. 01–30314.**

**D.C. No. CR–01–00053–WFN.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2002 *.

Decided May 9, 2002.

Before RYMER, McKEOWN and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Duane Hauseur appeals his conviction after his conditional guilty plea to one count of attempted manufacture of methamphetamine, one count of possession of heroin with intent to deliver, one count of possession of methamphetamine, one count of being an unlawful user of a controlled substance in possession of a firearm, and one count of being an unlawful user of a controlled substance in possession of ammunition, 21 U.S.C. §§ 841(a)(1), 844 and 846; 18 U.S.C. § 922(g)(3). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Under the totality of circumstances, the officers had a reasonable suspicion that Hauseur and his passenger, Brian Pagano, were engaged in criminal activity. Hauseur and Pagano had purchased an unusually large quantity of iodine—a chemical commonly used to manufacture methamphetamine—were using a rental car, and drove to a location known for the manufacture and distribution of methamphetamine. Additionally, the officers discovered that the name Pagano had used to purchase the iodine corresponded with an outstanding arrest warrant for felony drug offenses. Thus there was no Fourth Amendment violation in the initial investigatory stop of Hauseur and Pagano. *See United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002); *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989).

Nor did the officers violate the Fourth Amendment by continuing the stop after learning that Pagano was not the suspect wanted under the felony warrant. The

---

officers still had a reasonable suspicion that Hauseur and Pagano were attempting to manufacture methamphetamine, a suspicion which was, if anything, heightened by the officers' discovery that Pagano had given a false name when purchasing the iodine. The investigative detention lasted "no longer than [was] necessary to effectuate the purpose of the stop." *Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.